353 N. CLARK STREET CHICAGO, IL 60654-3456

JENNER&BLOCK LLP

March 10, 2021

Daniel J. Weiss
Tel +1 312 923 4517
Fax + 1 312 527 0484
DWeiss@jenner.com

Honorable Ann Marie Donio
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 2010
Camden, NJ 08101

Re:  *Subaru of America, Inc., et al. v. CBRE, Inc.*, Case No. 1:20-cv-08603-NLH-AMD

Dear Magistrate Judge Donio:

We represent defendant CBRE in this matter. We write pursuant to Local Rule 37.1(a)(1) in regard to a discovery dispute. Counsel have conferred by several emails between March 4 and March 9, 2021, and also by phone conference on March 8, 2021, but have been unable to resolve this dispute.

Plaintiffs have refused to produce documents in response to discovery served by CBRE in this case on January 27, 2021. To date, Plaintiffs have not produced a single document. In general, Plaintiffs have raised two types of objections to the document requests: (1) they have objected that the discovery is "untimely," and (2) they have made boilerplate objections such as "irrelevant," "overly broad," and "privilege" to the vast majority of CBRE's requests.

Regarding the first objection, as noted, CBRE served its document requests on January 27, 2021. The close of fact discovery in this case is set for May 28, 2021. (Dkt. 24 ¶ 6.) Plaintiffs, however, contend that CBRE's requests were untimely because CBRE did not serve them by November 30, 2020, which was the date set for "[i]nitial written discovery requests" in the Court's October 20, 2020 Scheduling Order. (*Id.* ¶ 3.) CBRE did not serve discovery requests by that date. At the time, counsel for CBRE was focused on raising several threshold legal deficiencies in Plaintiffs' claims, which CBRE raised by way of a motion for judgment on the pleadings on November 30, 2020. (Dkt. 26.) After the parties fully briefed that motion, Plaintiffs filed a Second Amended Complaint on February 22, 2021. (Dkt. 39.) CBRE filed a motion to dismiss the Second Amended Complaint on March 8, 2021, which is pending. (Dkt. 40.)

CBRE does not understand the Court to have set the November 30, 2020 date as the only opportunity for the parties to serve written discovery in this case. To the extent counsel erred in not serving initial requests by that date, the undersigned takes responsibility. But in any event, Plaintiffs are not relieved from responding to *all* discovery merely because CBRE did not serve initial discovery by November 30. Indeed, months remain in the fact discovery period, no depositions have been scheduled, and Plaintiffs just filed an amended complaint. Had Plaintiffs advised CBRE of this objection when CBRE served the discovery in January, CBRE would have

March 10, 2021
Honorable Ann Marie Donio
Page 2

sought to resolve it then, but Plaintiffs waited a month to tell CBRE that they would not produce anything at all.

Counsel for CBRE have asked counsel for Plaintiffs several times to withdraw Plaintiffs' "timeliness" objection and produce documents, but counsel for Plaintiffs has refused. Counsel for Plaintiffs has instead argued that the parties should discuss and "resolve" all of Plaintiffs' objections to CBRE's requests before Plaintiffs produce any documents. But, as noted, Plaintiffs have objected to the vast majority of CBRE's discovery requests with boilerplate objections. In effect, Plaintiffs are relying on the "timeliness" objection to withhold all production, while demanding that CBRE negotiate or accept Plaintiffs' other objections in the dark.

As but one example, CBRE served a document request seeking information about whether an employee of Plaintiff Subaru received illicit payments from a third party, Mitchell Bleicher, who is at the center of the fraud scheme alleged in Plaintiffs' complaint. Plaintiffs have responded to this simple request with the "timeliness" objection, as well as a full paragraph of stock objections such as multiple alleged privileges, over-breadth, and relevance:

> **Request No. 25**. All Documents that reflect cash, gifts, loans, or other items of value that Denise Hyland or any other Subaru employee received from Mitchell Bleicher.
>
> **RESPONSE:** Subaru objects to Request No. 25 on the grounds that it is untimely because the deadline established by the Scheduling Order [ECF 24] for serving written discovery requests expired on November 30, 2020, and CBRE did not serve any requests until January 27, 2021. Subaru also objects to Request No. 25 to the extent that it seeks documents which are protected by the attorney-client privilege, the work product doctrine, the insurer-insured privilege, the common interest privilege, or the privileges applicable to testifying and non-testifying experts under Rule 26(b)(4)(C)-(D) of the Federal Rules of Civil Procedure. Subaru also objects to Request No. 25 on the grounds that it is overly broad and seeks irrelevant documents to the extent that it seeks documents that do not relate to the transactions and occurrences that are the subject of the complaint.

Plaintiffs have responded to at least two-thirds of CBRE's requests with similar boilerplate objections. Plaintiffs have nowhere indicated what they are withholding, what they are willing to produce (if anything), or when. As a result, CBRE has no way to meaningfully assess what Plaintiffs might withhold on the basis of any particular objection. The Federal Rules do not allow Plaintiffs to withhold production until the parties "pre-negotiate" dozens of boilerplate objections. CBRE has asked Plaintiffs to simply produce all of the documents that are not subject to an objection (other than the "timeliness" objection) so that CBRE can have some way to assess what Plaintiffs are willing to produce, but Plaintiffs have not agreed.

CBRE therefore respectfully requests that the Court: (1) overrule Plaintiffs' "timeliness" objection; and (2) require Plaintiffs to immediately produce all documents responsive to CBRE's

March 10, 2021
Honorable Ann Marie Donio
Page 3

requests that Plaintiffs are not withholding on the basis of another particularized objection. After CBRE has the opportunity to review the documents Plaintiffs produce, CBRE will be able to better assess Plaintiffs' other objections, and will meet and confer with Plaintiffs regarding those objections, if and as needed.

CBRE is mindful of the Court's time, and thanks it for its assistance in resolving this matter. We stand ready should the Court require anything further.

Sincerely,

s/Daniel J. Weiss

Daniel J. Weiss
Counsel to CBRE

cc:   Counsel of Record via ECF